**CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN HARRIS, | Civil Action No. 07-1146 (SDW) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| ELI BRODY, | June 5, 2007 |
| Defendant. | |

**WIGENTON,** District Judge.

Before the Court is Defendant Eli Brody's ("Defendant") motion to dismiss *pro se* plaintiff Alan Harris' ("Plaintiff") Complaint filed with this Court ("Motion to Dismiss"). For the reasons set forth below, Defendant's Motion to Dismiss the Complaint for lack of subject matter jurisdiction is granted.

**Background**

Doris Brody died on September 20, 2003. Thereafter, her husband, Defendant, was informed that decedent had a will dated January 14, 1992, which designated decedent's son, Plaintiff, as the executor and left Plaintiff the majority of decedent's estate. (Decision and Opinion filed Oct. 25, 2005, Cert. of M. Scrupski, Ex. C.) A state matter arose when Plaintiff submitted the will for probate and Defendant filed a caveat. On October 6, 2004, the parties reached a settlement agreement at a case management conference before the Honorable Alexander D. Lehrer in the New

Jersey Superior Court. In part, the settlement removed the caveat and permitted the will to be probated. The terms of the settlement were incorporated into an Order of Judgment dated October 27, 2004. (Def. Br. at 2.) On or about December 31, 2004, Plaintiff filed a motion to vacate the judgment, and in response Defendant filed a cross motion to enforce judgment. On January 28, 2005, a hearing on Plaintiff's motion was held and the judgment was affirmed. (*See* Order filed Jan. 28, 2005, Cert. of M. Scrupski, Ex. A.)

Plaintiff did not abide by the Order of Judgment, and on March 11, 2005 Plaintiff was removed as executor and costs were assessed against him. (*See* Order dated Mar. 11, 2005, Cert. of M. Scrupski, Ex. B.) The Appellate Division affirmed the judgment in the Opinion of the New Jersey Appellate Division dated October 25, 2005. (*See* Decision and Opinion filed Oct. 25, 2005, Cert. of M. Scrupski, Ex. C.) The New Jersey Supreme Court denied Plaintiff's petition for certification in an Order filed January 26, 2006. (*See* Order filed Jan. 26, 2006, Cert. of M. Scrupski, Ex. D.) Subsequently, Plaintiff made a motion for reconsideration and clarification before the New Jersey Supreme Court, which was denied on March 30, 2006. (*See* Order filed Mar. 30, 2006, Cert. of M. Scrupski, Ex. E.) Thereafter, Plaintiff commenced the instant action in federal court in New York. As the matter stems from the probate of the decedent's will in New Jersey and disputed real property is located in New Jersey, the Honorable Victor Marrero of the Southern District of New York ordered the transfer of this matter to the District Court for the District of New Jersey. (*See* Order filed Feb. 28, 2007.)

Plaintiff alleges this Court has federal question jurisdiction based on violations of his constitutional rights as a result of the state court decision. Plaintiff also asserts that this Court has an alternative basis for jurisdiction based on diversity. Plaintiff is a resident of New York and Defendant is a resident of New Jersey.

**Legal Standard**

<u>Motion to Dismiss</u>

Unlike a motion to dismiss for failure to state a claim pursuant to the Federal Rule of Civil Procedure 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), no presumption of truthfulness attaches to the allegations in the complaint and the court may consider matters outside the pleadings such as affidavits and other material properly before the court. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). In a Rule 12(b)(1) motion, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case." *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen*, 549 F.2d at 891; *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

A claim may be dismissed under Rule 12(b)(1) if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d at 1408-9). The plaintiff must not only demonstrate that a controversy existed at the time it filed suit, but that it continues to exist throughout the litigation. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992).

Jurisdiction

Pursuant to 28 U.S.C. § 1331, regarding federal question, the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

**Discussion**

On a motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of persuading the court that subject matter jurisdiction exists. Fed. R. Civ. P.12(b)(1); *see also Stehney v. Perry*, 907 F. Supp. 806 (1995). Defendant sets forth the following arguments in support of the present motion to dismiss: (1) this Court lacks subject matter jurisdiction over the instant action under the Rooker-Feldman doctrine; and (2) this Court lacks subject matter jurisdiction because the actual amount in controversy is less than $75,000.

1. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 126 S.Ct. 1198, 1199 (2006)(quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1522 (2005)). "Rooker-Feldman . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance*, 546 U.S. at 459 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). The Supreme Court has held that "the 'aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.'" *Lance*, 546 U.S. at 459 (quoting *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150 (1923)).

In the instant matter, Plaintiff alleges that the judgment by the state court "which is based allegedly on my [Plaintiff's] consent, is a void decision in violation of constitutional rights of due process." (Pl. Aff. dated Feb. 22, 2007 at 1.) Plaintiff states the following: "Plaintiff alleges in this case that the decision by the court in New Jersey which is based allegedly on a stipulation and consent between the parties is a void decision because Plaintiff denies that he signed any stipulation or agreed in anyway to the judgment, and Defendant may not prove otherwise, and therefore this court is required to declare the obvious, that the judgment is based on nothing and thus void." (Pl. Opp'n Br. at 3.)

Plaintiff alleges constitutional violations and misconduct by Defendant and Defendant's attorney with respect to the previous state actions and probate of the will. (*See* Pl. Opp'n Br.; Pl. Aff.) Plaintiff contends that "[t]his is the classic case when Rooker-Feldman doctrine is no bar for requesting remedy in federal court in a case of violation of constitutional rights." However, Plaintiff is essentially attempting to vacate a New Jersey state court judgment in the federal district court. The issues Plaintiff now raises before this Court were dealt with and disposed of in the Opinion of the New Jersey Appellate Division dated October 25, 2005. (*See* Decision and Opinion filed Oct. 25, 2005, Cert. of M. Scrupski, Ex. C.) This matter has been thoroughly adjudicated in state court.

When considering a motion to dismiss pursuant to Rule 12(b)(1), "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129 (2d Cir. 1998) (citing *Norton v. Larney*, 266 U.S. 511, 515, 45 S.Ct. 145, 147 (1925)). "When a motion to dismiss challenges the court's jurisdiction, the court may look beyond the allegations of the complaint to satisfy itself of its power to hear the case." *Mackenzie v. Donovan*, 375 F. Supp. 2d 312, 318 (2005).

In *Mackenzie v. Donovan*, the court dealt with a plaintiff who alleged violations of federal civil rights laws in district court due to a state court's decision finding plaintiff in contempt of court and plaintiff's subsequent commitment to custody. 375 F. Supp. 2d 312 (2005)  As in *Mackenzie*, Plaintiff's Complaint before this Court appears to be a "thinly-veiled" attempt to challenge the underlying state court decision. 375 F. Supp. 2d at 319.  In the instant matter, Plaintiff's issues have already been raised and appropriately addressed by the state court.  Plaintiff's attempts to seek review of the state court ruling on these issues is prohibited by the Rooker-Feldman doctrine.

The Supreme Court has held that "even where a state court judgment is not being appealed directly, 'the District Court is in essence being called upon to review the state court decision' where 'claims presented to a . . . District Court are inextricably intertwined with the state court's determination.' " *Feldman*, 460 U.S. at 483.  This Court finds that the underlying state court action is inextricably intertwined with the federal claims Plaintiff has asserted.  As such, this Court is without jurisdiction to review Plaintiff's claims.  This is the type of action that the Rooker-Feldman doctrine is intended to prohibit.  *See, e.g., Mackenzie*, 375 F. Supp. 2d at 320.

While Plaintiff has designed the language of his claims to include a federal question, Plaintiff

is really seeking to have this Court overturn a state court judgment. In essence, Plaintiff requests that this Court to act as an appellate court to vacate a state court decision that he did not like. This Court is not an appellant court for state court judgments. Pursuant to 28 U.S.C. § 1257, exclusive jurisdiction is conferred upon the Supreme Court of the United States to review final judgments or decrees rendered by the highest court of a state. The Rooker-Feldman doctrine recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction and does not authorize district courts to exercise appellate jurisdiction over state court judgments. *See Exxon Mobil Corp.*, 544 U.S. at 291.

2. Jurisdiction Pursuant to 28 U.S.C. 1332(a)(1)

Defendant also asserts that this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Specifically, Defendant claims that while there is diversity of citizenship, the Court should dismiss this action because the jurisdictional limit of $75,000 as the amount in controversy, is not met. Plaintiff, a resident of New York, claims that the amount in controversy is more than $141,871.64. In contrast, Defendant, a resident of New Jersey, alleges that there is approximately $38,100 in controversy. (*See* Pl. Aff. dated Feb. 22, 2007 at 2; Def. Br. at 9.) Plaintiff contends that "[t]he damages to Plaintiff's constitutional rights should be assessed far and above the jurisdictional requirement of $75,000." (Pl. Opp'n Br. at 2, FN 1.) As the Court has already determined that it lacks jurisdiction to hear this matter pursuant to the Rooker-Feldman doctrine, the Court will not engage in additional analysis of its jurisdictional limitations pursuant to 28 U.S.C. § 1332(a)(1).

**Conclusion**

The Court recognizes that Plaintiff is *pro se*, and given the issues addressed, the Court

declines to award costs and fees to Defendant regarding this application.

For the reasons previously discussed in this Opinion, the Court hereby **GRANTS** Defendant's Motion to Dismiss with prejudice.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
cc:     Judge Arleo
        Parties