NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN HARRIS, | Civil Action No. 07-1146 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| ELI BRODY, | October 19, 2007 |
| Defendant. | |

**WIGENTON,** District Judge.

Before the Court is a motion for reconsideration ("Motion") by plaintiff Alan Harris ("Plaintiff") of the Order dated June 5, 2007, in which the Court dismissed Plaintiff's Complaint against defendant Eli Brody ("Defendant") for lack of subject matter jurisdiction.[1]  In June and July 2007, Plaintiff filed papers with the Court, including a request for reconsideration.  By Order dated July 9, 2007, this Court permitted Plaintiff to file any documentation he felt was not considered and to submit new evidence to support his Motion.

Pursuant to Federal Rule of Civil Procedure 78, the Court decides this matter without oral argument.  For the reasons discussed below, the Court denies Plaintiff's Motion.

---

[1] Defendant filed a motion to dismiss in the District of New Jersey on March 23, 2007.

1

**Legal Standard**

The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present *newly discovered* evidence." *Max's Seafood Café ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotes omitted) (emphasis added). There are only three circumstances in which a motion to reconsider is appropriate: (1) there has been an intervening change in controlling law; (2) there is new evidence that was not previously available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Granting relief pursuant to a motion for reconsideration is "an extraordinary remedy that is to be granted very sparingly." *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003) (internal quotations omitted). Accordingly, the moving party must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). In evaluating a motion for reconsideration, matters may not be introduced for the first time, and courts should reject evidence not presented when the court made the contested decision. *Yurecko*, 279 F. Supp. 2d at 609 (citing *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

**Discussion**

In the instant matter, the Court dismissed Plaintiff's claims for lack of subject matter

jurisdiction. A Rule 12(b)(1) challenge for lack of subject matter jurisdiction may be either a factual or facial challenge to the complaint. Also, the Court may raise lack of subject matter jurisdiction at any time, and may make a *sua sponte* determination. *See Daily v. City of Philadelphia*, 98 F. Supp. 2d 634.

Plaintiff has had the opportunity to present his claims in state court, and his request for relief in federal court is actually a request to review and reject the state courts' prior decisions. Further, Plaintiff complains of injuries caused by what he considers to be a void state judgment. Federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding. *See Exxon. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517 (2005) (discussing the *Rooker-Feldman* doctrine and preclusion law).

In support of Plaintiff's request for reconsideration, Plaintiff has submitted several documents and presented factual details in support of his action. He does not present a separate due process or other constitutional violation upon which this Court could grant relief. Plaintiff has not submitted new evidence or law indicating that this Court has subject matter jurisdiction. Plaintiff's Complaint and the state court record indicate that Plaintiff has had the opportunity to litigate his claims, and upon such adjudication the state courts did not decide in his favor. Based on the above, and for the reasons stated in the Court's Order dated June 5, 2007, this Court does not have subject matter jurisdiction over this matter.

Additionally, Plaintiff filed a "Motion to Stay Enforcement of the Void Order of October 27, 2004 in lieu of a letter," dated September 28, 2004. The October 27, 2004 Order was entered in the Superior Court of New Jersey, Monmouth County and has been upheld on appeal. As this Court

does not have jurisdiction, the Court cannot address Plaintiff's request for an emergent stay.

**Conclusion**

Plaintiff's submissions, upon reconsideration, do not provide any new evidence or law as to provide this Court with subject matter jurisdiction in this matter. As such, Plaintiff's Motion will be denied.

s/Susan D. Wigenton, U.S.D.J.

cc:  Clerk
     Parties